IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:22-cr-093 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Shondrell Turner, | : | Compassionate Release and to Appoint |
| | : | Counsel |
| Defendant. | : | |

This matter is before the Court on the Defendant's *pro se* Motion for Compassionate Release and to Appoint Counsel filed on May 7, 2024. (Doc. 32.) For the reasons that follow, the Court will **DENY** the Motion.

I.      PROCEDURAL HISTORY

On November 21, 2022, Defendant Shondrell Turner pleaded guilty to one count of theft of public money in violation of 18 U.S.C. § 641. (Docs. 2, 5.) On September 27, 2023, the Court sentenced her to six months in prison and three years of supervised release. (Doc. 25.) She was granted an extension of her self-surrender date until February 19, 2024 to arrange for childcare for her dependents. (Doc. 31.) She currently is incarcerated at Lexington FMC and has an estimated release date of August 17, 2024. Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 5/13/2024).

Turner mailed two letters to the Court dated April 23, 2024 and April 25, 2024, respectively, which have been filed as the combined pending Motion. Turner primarily asks the Court to modify her sentence to a term of home confinement. (Doc. 32 at PageID 135.) She asserts that she has been rehabilitated, she wants to support her mother and brother, both of whom have been hospitalized, and she seeks medical treatment for her new diagnosis of

1

pulmonary artery distress. (*Id.*) Alternatively, if the Court does not modify her sentence to home confinement, she requests that the Court appoint her an attorney to file a motion for compassionate release on her behalf. (*Id.* at PageID 136.)

## II. LAW AND ANALYSIS

To begin, the Court cannot to transfer Turner from Lexington LMC to home confinement. The Court has limited statutory authority to modify a sentence of imprisonment:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

However, § 3582(c)(1)(A) does not provide authority for the Court to place inmates in home confinement. Rather, "[t]he [Bureau of Prisons], not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)). It follows that "the authority to grant home confinement remains solely with the Attorney General and the [Bureau of Prisons]." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (citing 18 U.S.C. § 3624(c)(2) and Pub. L. No. 116-136, 134 Stat. 281 (2020)). Also, "the

decision to transfer an inmate to home confinement is a matter within the sole discretion of [the Bureau of Prisons], *see* 18 U.S.C. § 3624(c)(2), and is not subject to judicial review under the Administrative Procedure Act, *see* 18 U.S.C. § 3625." *United States v. McWherter*, No. 15-20040, 2020 WL 6469936, at *2 (E.D. Mich. Nov. 3, 2020). Accordingly, the Court lacks authority to grant Turner's request to transfer her to home confinement.

Also, to the extent Turner's Motion could be characterized as seeking compassionate release,[1] she has not presented an extraordinary and compelling reason to grant it. Turner's efforts at rehabilitation are commendable, but they are not extraordinary. *Cf.* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.") Turner has not argued or presented evidence that her mother or brother are incapacitated and that she is their only possible caregiver. U.S.S.G. § 1B1.13(b)(3)(C), (D) (explaining limited circumstances in which the medical circumstance of a defendant's family member can be extraordinary or compelling). Likewise, she has not argued or presented evidence that the Lexington FMC is unable to provide her adequate medical care for pulmonary artery distress. *See* U.S.S.G. § 1B1.13(b)(1) (explaining limited circumstances in which the medical circumstance of the defendant can be extraordinary or compelling).

Finally, the Court will not appoint counsel to represent Turner in this matter. Generally, an indigent criminal defendant's right to counsel extends only to the first appeal as of right. *See Coleman v. Thompson,* 501 U.S. 722, 755–756 (1991). A defendant has no constitutional right to counsel in § 3582 proceedings. *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Southern District of Ohio provided for the appointment of counsel for indigent criminal defendants seeking compassionate release during the height of the COVID-19 crisis, but that policy was rescinded in April 2022. Ohio S.D. General Order 22-13. The Court finds no

---

[1] The Clerk of Courts designated the filing as a Motion for Compassionate Release in the electronic filing system.

basis to appoint counsel for Turner in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *pro se* Motion for Compassionate Release and to Appoint Counsel (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge